IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EUGENE COSEY,

                    Plaintiff,

          v.                              CASE NO. 10-3174-SAC

COWLEY COUNTY, KANSAS,

                    Defendant.

O R D E R

This matter is before the court on a complaint filed pro se by
a prisoner confined in a federal correctional facility in Texas.
Plaintiff has paid the initial partial filing fee assessed by the
court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed
in forma pauperis.  Plaintiff remains obligated to pay the remainder
of the $350.00 district court filing fee in this civil action,
through payments from his inmate trust fund account as authorized by
28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to
screen the complaint and to dismiss it or any portion thereof that
is frivolous, fails to state a claim on which relief may be granted,
or seeks monetary relief from a defendant immune from such relief.
28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff
must assert the denial of a right, privilege or immunity secured by
federal law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970);

*Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir.1992). A plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights. *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir.1996). Although a pro se litigant's pleadings are to be liberally construed, plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bell*mon, 935 F.2d 1106, 1110 (10th Cir.1991).

Having carefully reviewed plaintiff's complaint, the court concludes this action is subject to being summarily dismissed because plaintiff's claims, even liberally construed, fail to identify any arguable legal or factual basis for relief under 42 U.S.C. § 1983.

The allegations in the complaint are conclusory at best. Plaintiff cites his arrest and confinement in Cowley County, Kansas, on March 11, 2005, where he remained until his release on July 6, 2005.[1] Plaintiff seeks the removal of these criminal charges from his record so that they do not appear in background checks. He also seeks damages for the loss of his liberty for 105 days, for the

_____

[1]Plaintiff does not identify the charges or their disposition, but the Kansas Department of Corrections (KDOC) public website indicates that a KDOC parole violation warrant was issued against plaintiff on March 11, 2005, that plaintiff was returned to Kansas supervision that same date, and that the KDOC warrant was withdrawn July 6, 2005, with plaintiff's conditional release on parole.

alleged violation of his right to not be subjected to cruel and unusual punishment during his confinement, and for the mental anguish he suffered because he was not able to comfort his daughter regarding the loss of her mother.

However, the sole defendant named in the complaint is Cowley County, and plaintiff alleges no violation of his rights pursuant to an unconstitutional policy or procedure of the county for purposes of establishing any liability against this municipality. See *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)(municipality liability only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").

Additionally, plaintiff's allegations of events occurring in 2005 clearly appear to be time barred. It is well settled in this district that a two-year statute of limitations applies to civil rights actions brought pursuant to § 1983. See *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 630-31 (10th Cir.1993); K.S.A. 60-513(a)(4).

### Notice and Show Cause Order to Plaintiff

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder

of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of December 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge