IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EUGENE COSEY,**

        **Plaintiff,**

    **v.**                                     CASE NO. 10-3174-SAC

**COWLEY COUNTY, KANSAS,**

        **Defendant.**

**O R D E R**

Plaintiff, a prisoner confined in a federal correctional facility in Texas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 naming Cowley County, Kansas, as the sole defendant. The court reviewed the complaint and directed plaintiff to show cause why it should not be summarily dismissed as stating no claim for relief under § 1983, finding plaintiff's conclusory allegations of being held against his will for 105 days in the Cowley County jail following his release on parole in 2005 presented no arguable legal or factual basis for seeking relief against Cowley County, and also finding plaintiff's claim for damages and injunctive relief would now be time barred.

In response, plaintiff essentially amends his complaint to also name a Cowley County District Court Judge (Judge Nicholas St. Peter),[1] a Cowley County law enforcement officer (Officer Lambert),

---

[1] The court corrects plaintiff's misspelling of this defendant's name.

and the "Cowley County Sheriff and Jail Department" as defendants, and to expand the factual basis for his claims. Having reviewed the complaint as amended by plaintiff's response,[2] the court continues to find this action should be summarily dismissed.

The complaint as amended now essentially recites that plaintiff was released from a state correctional facility on parole in March 2005 to the custody of Cowley County pursuant to a Cowley County detainer, and was then held in the Cowley County jail for 100 days until a jury found plaintiff not guilty of the charged offense(s) on July 1, 2005. Plaintiff was held an additional five days until his release from the Cowley County jail on July 6, 2005. Plaintiff maintains Judge St. Peter should have released plaintiff on July 1, 2005, and ordered the removal of all charges from plaintiff's record.[3] Plaintiff also claims Officer Lambert provided unlawful testimony during plaintiff's Cowley County trial, and claims Judge St. Peter should not have allowed this testimony.

Additionally, plaintiff complains that he was held in a one man cell throughout his Cowley County confinement, and not allowed privileges extended to general population prisoners.

---

[2] Because there has been no service of the complaint on any defendant, plaintiff is entitled to amend his complaint once as a matter of course. Fed.R.Civ.P. 15(a).

[3] Plaintiff states the charges were still listed on his record as of February 2011, and that these charges significantly impacted subsequent federal charges filed against him and the federal sentence imposed.
Court records disclose that plaintiff was indicted in July 2009 on charges related to providing a handgun to a juvenile, and convicted of being a felon in possession of a firearm. *See U.S. v. Cosey*, 399 Fed.Appx. 380 (10th Cir.2010)(unpublished opinion affirming Cosey's conviction in D.Utah).

The court finds, however, that the amended complaint provides no factual or legal basis for stating any plausible claim upon which relief can be granted under § 1983 against any defendant.

First, relief on alleged error occurring in 2005 in plaintiff's Cowley County proceeding, or for any alleged violation of plaintiff's constitutional rights during his confinement in the Cowley County jail in 2005, is clearly barred by the two year statute of limitations applicable to any such claim. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

Second, Judge St. Peter is entitled to absolute immunity from plaintiff's claim for damages, *see Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir.2000)(a judge is absolutely immune from suit for actions taken within his or her judicial capacity)(citation omitted), as is Officer Lambert for his testimony at trial, *see Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983)(witnesses have absolute immunity from liability under § 1983 for their testimony at trial).

And third, even if the "Cowley County Sheriff Department and Jail" could be liberally construed as naming an entity subject to suit such as Cowley County, plaintiff's allegations regarding the conditions of his confinement in the Cowley County jail fall far short of establishing any violation of plaintiff's constitutional rights, and also fail to allege any misconduct pursuant to a Cowley County policy or custom of practice by pursuant to a Cowley County

policy. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based")(quotation marks and citation omitted); *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-04 (1997)("a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury")(citations omitted).

The court thus concludes the complaint as amended should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that plaintiff's response (Doc. 5) to the show cause order is liberally construed as amending the complaint, and that the complaint as amended is dismissed.

**IT IS SO ORDERED.**

DATED: This 4th day of May 2011 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge